UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| EMERGENCY ALERTS INNOVATIONS, LLC<br><br>    Plaintiff,<br><br>v.<br><br>AT&T INC.<br><br>    Defendant | Case No. 2:22-cv-268<br><br>COMPLAINT FOR PATENT INFRINGEMENT AND JURY TRIAL DEMANDED |

## COMPLAINT

This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, against Defendant AT&T Inc. ("AT&T" or "Defendant") that relates to one U.S. patent owned by Emergency Alert Innovations, LLC ("EAI" or "Plaintiff"): U.S. Patent No. 8,391,826.

## THE PARTIES

1.      Plaintiff Emergency Alert Innovations, LLC is a limited liability company organized and existing under the laws of the State of Illinois, with its principal place of business at 125 S. Clark St., 17th Floor, Chicago, IL 60603.

2.      Defendant AT&T is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business at 208 S. Akard Street, Dallas, Texas 75202. On information and belief, AT&T can be served with process at that address.

3.      AT&T is a wireless carrier that owns and operates a nationwide mobile cellular network, and provides phones and other devices that connect to and use its cellular network.

4. AT&T had approximately 100 million subscribers as of the fourth quarter of 2021, and was the third largest wireless carrier in the United States by number of subscribers in that same quarter.

## JURISDICTION AND VENUE

5. This Complaint states causes of action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.,* and, more particularly 35 U.S.C. § 271.

6. This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a) in which the district courts have original and exclusive jurisdiction of any civil action for patent infringement.

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b). Defendant is subject to personal jurisdiction in this District, has an established place of business in this District, has transacted business in this District, and has committed acts of patent infringement in this District. Defendant derives benefits from its presence and activities in this District, including sales revenue from customers using its cellular network in this District.

8. Defendant maintains regular and established places of business in this District, including, for example, a retail store located at 701 North Central Expressway, Ste. 400, Plano, Texas 75075. Additional retails stores can be found within this District by searching AT&T's website (https://att.com/stores).  Additionally, upon information and belief, AT&T maintains and operates infringing cellular network infrastructure (including, but not limited to, eNode Bs (eNBs), mobility management entities (MMEs), base stations, cellular towers) in this District (https://www.att.com/maps/wireless-coverage.html).

## BACKGROUND FACTS REGARDING THE EAI PATENT

9. On March 5, 2013, the '826 Patent entitled "System for controlling the operation of wireless multicasting systems to distribute an alarm indication to a dynamically configured coverage area" was duly and legally issued by the USPTO.

## AT&T'S KNOWLEDGE OF THE PATENTS-IN-SUIT AND CONTINUED INFRINGEMENT DESPITE THAT KNOWLEDGE

10. On October 19, 2021, counsel for EAI sent a letter by both UPS and email to Brian Gaffney, Vice President and Associate General Counsel and Chief IP Counsel at AT&T and Geoff Sutcliffe, Assistant Vice President and Senior Legal Counsel at AT&T that included claim charts explaining how Defendant infringed EAI's patent. Including a copy of the patent and claim chart, the letter was 34 pages long. Defendant has been aware of the '826 Patent since at least October 19, 2021.

11. On December 15, 2021, Steve Pentlicki, Senior Legal Counsel for AT&T, emailed EAI, mentioning that AT&T did not believe it infringed EAI's Patent, and declining to take a license.

12. On January 7, 2022, EAI emailed Mr. Pentlicki to further discuss the matter, and the parties scheduled a call for January 19, 2022. On that call, the parties briefly discussed the merits of AT&T's position, but no agreement was reached.

13. On February 10, 2022, EAI emailed AT&T that responded to AT&T's position. AT&T responded to EAI's message on March 17, 2022, relaying its original position and providing no additional explanation for its position.

14. The parties spoke again by phone on March 31, 2022, during which EAI made a licensing offer to AT&T. AT&T indicated it would consider the offer. The parties reached no agreement on their respective positions, and no agreement was reached.

15. On April 8, 2022, EAI emailed AT&T with an updated claim chart that provided additional explanation for how AT&T infringed EAI's Patent, consistent with EAI's previous positions. AT&T did not respond

16. On May 9, 2022, EAI emailed AT&T again offering to continue discussions. AT&T did not respond.

17. AT&T has not provided any position on invalidity.

18. AT&T has not agreed to enter into a licensing agreement with EAI.

19. This Complaint serves as additional notice to AT&T to the '826 Patent and the manner in which the Patent-in-Suit is infringed.

20. Despite knowledge of the Patent-in-Suit and knowledge of the manner in which the Patent-in-Suit is infringed as demonstrated in the provided claim charts, AT&T has continued to infringe, and/or induce the infringement of, the Patent-in-Suit.

## COUNT I: INFRINGEMENT OF U.S. PATENT '826 CLAIM 12

21. EAI incorporates by reference the allegations set forth in paragraphs 1-20 of this Complaint as though set forth in full herein.

22. Claim 12 of the '826 Patent provides:

| Claim 12 Preamble | A method of operating a Reverse 911 Alarm System for transmitting an alarm indication to individuals served by at least one cellular communication network, each of said cellular communication networks serving an associated plurality of cellular communication devices, each of said cellular communication devices being capable of generating a human sensible output to warn individuals who use said cellular communication devices of a hazard condition, comprising: |
|---|---|
| Element A | generating, in response to receipt of alarm data indicative of the presence of a hazard condition, at least one alarm indication; |
| Element B | dynamically defining a coverage area indicative of a geographical extent of the hazard condition, including a list of cell sites that provide cellular service to the coverage area indicative of the geographical extent of the hazard condition; |

4

| | |
|---|---|
| Element C | transmitting the alarm indication to cell site controllers which are associated with the cell sites in the list of cell sites having a communication coverage corresponding to the geographical extent of said hazard condition; |
| Element D | identifying, in each of the cell site controllers which are associated with the cell sites in the list of cell sites, all cellular communication devices which are active in the cell site; and |
| Element E | concurrently transmitting, from an alarm indication communication apparatus which is operational in the cell site controllers which are associated with the cell sites in the list of cell sites, the alarm indications via a single multicast to a plurality of the identified cellular communication devices to generate human sensible output to warn individuals who use said cellular communication devices of the hazard condition. |

23.     AT&T has and continues to control, operate and use its cellular network for transmitting WEAs to user devices in a manner that meets each and every element of claim 12 of the '826 Patent.

24.     AT&T controls, uses and operates a cellular network that is used to transmit Wireless Emergency Alerts ("WEAs") to its customers' cellular network connected devices. AT&T voluntarily complies with Federal requirements for implementing WEAs on its cellular network.

25.     AT&T's network includes at least mobility management entities ("MMEs") and equipment such as eNodeB ("eNBs"). MME's communicate with eNBs, and eNBs communicate with devices connected to a given cell tower. The MMEs and eNBs are parts of a cell site controller. MMEs also identify which users are connected to which cell site to properly route data from the network to the user device. The MME is also responsible for transmitting WEA's through the cellular network by routing WEAs to the appropriate eNBs and users connected to those eNBs.

26. WEAs appear on customer devices as text-like messages that are accompanied by a distinctive ring and/or vibration pattern, all of which can be detected by the user. WEAs alert users of hazardous or life-threatening situations, such as severe weather and other natural or man-made disasters.

27. In operation, WEAs are originated from an Alert Originator ("AO"). The AO is typically an authorized public safety official. The AO originates the WEA process when a hazard condition is detected. The alarm data from the AO is then transmitted through FEMA's Integrated Public Alert and Warning System ("IPAWS") to participating wireless carriers, including AT&T. AT&T's network further transmits the WEAs to devices within the identified hazard area by utilizing its MMEs and eNBs.

28. WEAs are designed to alert only those users within the geographic area of the hazard. The AO can designate a shape defining the boundaries of the geographic area corresponding to the hazard, and include this information as part of the WEA. AT&T's network determines which cell sites are within that geographic area, and transmits the WEA to the appropriate cell sites. The cell site controllers for the cell sites transmit the received WEA to the user devices that are served by those particular cell sites. WEAs are sent from the cell sites via cell broadcast to the user devices connected to those cell sites within the designated geographic area. The cell broadcast is a unidirectional wireless broadcast that qualifies as a single multicast. The geographic area of a hazard can be changed as the scope of the hazard changes, with any devices found within the updated area notified of the hazard via WEAs.

29. When the user device within the defined geographic area receives the WEA, the device generates the text message-like alert, as well as the unique sound and vibration pattern to

alert the user of the hazard. In addition to simple text, WEAs can also include multimedia content, such as URL hyperlinks, pictures, or maps.

30. AT&T directly infringes claim 12 of the '826 Patent by controlling, operating, and using its cellular network to transmit WEAs to user devices.

31. AT&T has had knowledge of the '826 Patent since October 19, 2021.

32. AT&T controls, operates, and uses its cellular network for transmitting WEAs knowing that it infringed and continues to infringe at least claim 12 of the '826 Patent under 35 U.S.C. § 271(a) directly.

33. As a direct and proximate result of AT&T's acts of patent infringement, EAI has been and continues to be injured, and has sustained and will continue to sustain damages.

**COUNT II: INFRINGEMENT OF U.S. PATENT '826 CLAIM 14**

34. EAI incorporates by reference the allegations set forth in paragraphs 1-33 of this Complaint as though set forth in full herein.

35. Claim 14 of the '826 Patent provides:

|  | The method of operating a Reverse 911 Alarm System of claim 12, further comprising: |
|---|---|
| Element A | dynamically defining a geographical area for distribution of said alarm indication, wherein said geographical area for distribution of said alarm indication is not coextensive with said geographical extent of said hazard condition. |

36. AT&T has and continues to control, operate and use its cellular network for transmitting WEAs to user devices in a manner that meets each and every element of claim 14 of the '826 Patent.

37. AT&T's network receives from an Alert Originator an indication of a hazard during WEA transmission. The indication includes an AO-defined geographical area for the

7

hazard. Because the hazard itself will not follow the contours of a geometric shape (e.g., shape of a storm or earthquake impact zone), the geographical extent of the hazard will not be co-extensive with the geographical area of the alert.

38. AT&T directly infringes claim 14 of the '826 Patent by controlling, operating, and using its cellular network to transmit WEAs to user devices.

39. AT&T has had knowledge of the '826 Patent since October 19, 2021.

40. AT&T controls, operates, and uses its cellular network for transmitting WEAs knowing that it infringed and continues to infringe at least claim 14 of the '826 Patent under 35 U.S.C. § 271(a) directly.

41. As a direct and proximate result of AT&T's acts of patent infringement, EAI has been and continues to be injured, and has sustained and will continue to sustain damages.

## COUNT III: INFRINGEMENT OF U.S. PATENT '826 CLAIM 17

42. EAI incorporates by reference the allegations set forth in paragraphs 1-33 of this Complaint as though set forth in full herein.

43. Claim 17 of the '826 Patent provides:

|  | The method of operating a Reverse 911 Alarm System of claim 12, further comprising: |
|---|---|
| Element A | enabling a human operator to input alarm data indicative of the presence of a hazard condition; and |
| Element B | wherein said step of generating is responsive to receipt of said human operator input alarm data indicative of the presence of a hazard condition, for generating at least one alarm indication. |

44. AT&T has and continues to control, operate and use its cellular network for transmitting WEAs to user devices in a manner that meets each and every element of claim 17 of the '826 Patent.

45. AT&T's network supports transmission of WEAs. WEAs are initiated by a human operator as an Alert Originator, typically an authorized public safety official. The Alert Originator sends the hazard indication to AT&T's network, and AT&T's network transmits a WEA to impacted users.

46. AT&T directly infringes claim 17 of the '826 Patent by controlling, operating, and using its cellular network to transmit WEAs to user devices.

47. AT&T has had knowledge of the '826 Patent since October 19, 2021.

48. AT&T controls, operates, and uses its cellular network for transmitting WEAs knowing that it infringed and continues to infringe at least claim 17 of the '826 Patent under 35 U.S.C. § 271(a) directly.

49. As a direct and proximate result of AT&T's acts of patent infringement, EAI has been and continues to be injured, and has sustained and will continue to sustain damages.

## COUNT IV: INFRINGEMENT OF U.S. PATENT '826 CLAIM 18

50. EAI incorporates by reference the allegations set forth in paragraphs 1-33 of this Complaint as though set forth in full herein.

51. Claim 18 of the '826 Patent provides:

|  | The method of operating a Reverse 911 Alarm System of claim 12, further comprising: |
|---|---|
| Element A | transmitting, over at least one unidirectional forward broadcast path that extends from said cell site to said plurality of cellular communication devices, said alarm indications to said individuals who are equipped with said cellular communication devices. |

52. AT&T has and continues to control, operate and use its cellular network for transmitting WEAs to user devices in a manner that meets each and every element of claim 18 of the '826 Patent.

53. AT&T uses cell broadcast technology to transmit WEAs from cell sites to impacted user devices that support the receipt of WEAs. Cell broadcast is a type of unidirectional forward broadcast path, in that the communication is only received by the end user device. The end user device cannot send any information back using the cell broadcast path.

54. AT&T directly infringes claim 18 of the '826 Patent by controlling, operating, and using its cellular network to transmit WEAs to user devices.

55. AT&T has had knowledge of the '826 Patent since October 19, 2021.

56. AT&T controls, operates, and uses its cellular network for transmitting WEAs knowing that it infringed and continues to infringe at least claim 18 of the '826 Patent under 35 U.S.C. § 271(a) directly.

57. As a direct and proximate result of AT&T's acts of patent infringement, EAI has been and continues to be injured, and has sustained and will continue to sustain damages.

## WILLFUL INFRINGEMENT

58. AT&T has infringed and continues to infringe the above identified claims of each of the Patents-in-Suit despite its knowledge of the '826 Patent and its knowledge that its implementations of WEAs were and are using the technology claimed by the '826 Patent since October 19, 2021, and the objectively high likelihood that its acts constitute patent infringement.

59. AT&T's infringement of the Patents-in-Suit is willful and deliberate, entitling EAI to enhanced damages under 35 U.S.C. § 284.

60. AT&T's willful infringement and unwillingness to enter into license negotiations with EAI make this an exceptional case such that EAI should be entitled to recover its attorneys' fees and costs incurred in relation to this matter pursuant to 35 U.S.C. §285.

## JURY DEMAND

EAI demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff EAI requests that this Court enter judgment in its favor and against AT&T as follows:

A.   Adjudging, finding, and declaring that AT&T has infringed of the above-identified claims of each of the Patents-in-Suit under 35 U.S.C. § 271;

B.   Awarding the past and future damages arising out of AT&T's infringement of the Patents-in-Suit to EAI in an amount no less than a reasonable royalty, together with prejudgment and post-judgment interest, in an amount according to proof;

C.   Adjudging, finding, and declaring that AT&T's infringement is willful and enhanced damages and fees as a result of that willfulness under 35 U.S.C. § 284;

D.   Adjudging, finding, and declaring that this is an "exceptional" case pursuant to 35 U.S.C. § 285;

E.   Awarding attorney's fees, costs, or other damages pursuant to 35 U.S.C. §§ 284 or 285 or as otherwise permitted by law; and

F.   Granting EAI such other further relief as is just and proper, or as the Court deems appropriate.

Date: July 19, 2022          Respectfully submitted,

                             By: /s/ *Alison Aubry Richards*
                             Alison Richards (arichards@giplg.com)
                             IL Bar # 6285669 (*also admitted in ED Texas*)
                             David Berten (dberten@giplg.com)
                             Irwin Park (ipark@giplg.com)
                             Global IP Law Group, LLC
                             55 W. Monroe St.

Ste. 3400
Chicago, Illinois 60603
Phone:  312.241.1500

*Attorneys for Plaintiff,*
*Emergency Alert Innovations, LLC*